**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-01746-STV

NGC DEVELOPMENT, LLC,

    Plaintiff,

v.

KIM J. SETER and
SETER & VANDER WALL, P.C.,

    Defendants.

_____

**ORDER TO SHOW CAUSE**
_____

Magistrate Judge Scott T. Varholak

    This civil action is before the Court *sua sponte* upon the Court's review of Plaintiff's Complaint. [#1] "A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties." *Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980). Accordingly, even "[i]f the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Because federal courts are courts of limited jurisdiction, the Court must "presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir.1999). Because Plaintiff invoked federal jurisdiction by filing its Complaint in this

Court, Plaintiff bears the burden to establish the Court's subject matter jurisdiction. *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

In the Complaint, Plaintiff contends that "[t]his Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 exclusive of interest and costs, and the case is between citizens of different states or . . . citizens of a State and citizens or subjects of a foreign state." [#1, ¶ 18]  Pursuant to 28 U.S.C. § 1332(a)(1) and (2), federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state."  Diversity jurisdiction requires complete diversity— *i.e.*, "no plaintiff may be a citizen of the same state as any defendant."  *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).  "The requirement of complete diversity . . . applies to the alienage provision of § 1332(a)((2)."  *Depex Reina 9 P'ship v. Tex. Int'l Petroleum Corp.*, 897 F.2d 461, 465 (10th Cir. 1990); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 580 n.2 (1999).

Here, the Complaint is insufficient to establish complete diversity as it fails to adequately establish the citizenship of Plaintiff NGC Development, LLC ("NGC").  Unlike a corporation, the citizenship of a limited liability company is not based upon the state of its organization and the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1) (defining citizenship for "corporations").   Instead, the citizenship of unincorporated entities, such as limited liability companies, is determined by looking to the citizenship of its members.  *See Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016) (holding that citizenship of an unincorporated entity is

2

determined by considering the citizenship of all of the entity's members); *Lompe v. Sunridge Partners, LLC*, 818 F.3d 1041, 1046-47 (10th Cir. 2016) (holding that "federal courts must treat LLCs as partnerships for purposes of establishing jurisdiction").

The Complaint alleges that NGC has two members: Avid Hunter, Ltd. ("Avid") and JUSA Development, LLC ("JUSA"). [#1, ¶ 15] "Where the member of an unincorporated association is also an unincorporated association, the citizenship of the member unincorporated association must be traced through however many layers of partners or members there may be to determine the citizenship of the unincorporated association party." *Prestige Mfg. Co., LLC v. Gault*, No. CIV-20-56-R, 2020 WL 1030902, at *2 (W.D. Okla. Mar. 3, 2020). The citizenship of NGC for purposes of diversity jurisdiction is thus determined by looking to the citizenship of the members of Avid and JUSA. The Complaint alleges that "[t]he sole owner and limited partner of Avid . . . is Klaus Gondert, who is a citizen of the Federal Republic of Germany and resident of Trier, Germany."[1] [#1, ¶ 15(a)] With regard to JUSA, however, the Complaint alleges only that "[t]he member of JUSA . . . is Russell Mills." [*Id.* at ¶ 15(b)] Because the Complaint does not allege Mr. Mills's citizenship, the Court is unable to determine the citizenship of JUSA and thereby NGC. Moreover, it is unclear from the Complaint whether Mr. Mills is the sole member of JUSA or whether there are other members whose citizenship must be considered in determining JUSA's (and thereby NGC's) citizenship.

---

[1] Because complete diversity is required under the alienage provision of § 1332(a)((2), the fact that NGC is a citizen of Germany is not sufficient to establish the Court's jurisdiction; if NGC is also a citizen of Colorado, complete diversity would not exist as both Defendants are alleged to be citizens of Colorado. *See Depex Reina 9 P'ship*, 897 F.2d at 465 (finding no jurisdiction under Section 1332(a)(2) where the plaintiff and defendant entities shared Delaware citizenship, "even though one of the partners [of the plaintiff partnership was] a citizen of a foreign state").

Because the allegations in the Complaint are insufficient to establish the citizenship of Plaintiff NGC, the Court is unable to determine whether it has subject matter jurisdiction. Accordingly, it is **ORDERED** that, on or before **July 15, 2021**, Plaintiff shall show cause, if any there be, in writing, why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED: June 28, 2021

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge

4