IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.:  1:21-cv-01746-STV

NGC DEVELOPMENT, LLC,
a Florida Limited Liability Company.

Plaintiff,

v.

KIM J. SETER, a Colorado citizen and,
SETER & VANDER WALL, P.C.,
a Colorado Professional Corporation,

Defendants.

---

## ANSWER AND JURY DEMAND

---

Defendants, Kim J. Setter and Seter & Vander Wall, P.C. submit their Answer to Plaintiff's First Amended Complaint.

### I.    Introduction

1.    In response to the allegations in Paragraph 1 of Plaintiff's First Amended Complaint, Defendants admit that: (1) Seter & Vander Wall, P.C. ("SVW") is a law firm; (2) Seter is an attorney, shareholder, and principal of SVW; (3) and SVW provided Plaintiff with legal representation between 2010 and 2019.

2.    Defendants admit Plaintiff is suing for: (1) negligence, (2) breach of fiduciary duty, and (3) aiding and abetting breach of fiduciary duty.

3.    Defendants deny the allegations in Paragraph 3 of Plaintiff's First Amended Complaint.

4.    Defendants deny the allegations in Paragraph 4 of Plaintiff's First Amended

Complaint.

5.      In response to the allegations in Paragraph 5 of Plaintiff's First Amended Complaint, Defendants admit that they provided legal representation to NGC.  JUSA Management, LLC ("JUSA"), which was managed by Russell Mills ("Mills"), managed NGC and was a member of NGC.  Defendants were aware that Avid Hunter, Ltd., which was owned by Klaus Gondert, was also a member of NGC.  Since JUSA managed NGC, Mills was the authorized representative to act on behalf of NGC.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of Plaintiff's Amended Complaint and, therefore, deny the same.[1]

7.      In response to the allegations in Paragraph 7 of Plaintiff's First Amended Complaint, Defendants admit they did work for NGC regarding its 15-acre parcel in Adams County, including notifying NGC of its delinquent taxes owed on the 15-acre parcel.

8.      Defendants deny the allegations in Paragraph 8 of Plaintiff's Amended Complaint.

9.      In response to the allegations in Paragraph 9 of Plaintiff's First Amended Complaint, Defendants admit that they advised NGC of the delinquent taxes on the 15-acre parcel in 2016, 2017, and 2018, that they first notified NGC of the tax lien against the property in 2016, and that they first notified NGC about the potential of a treasurer's deed on the parcel in 2016.  Defendants advised NGC to pay the taxes.

10.      In response to the allegations in Paragraph 10 of Plaintiff's First Amended

---

[1] Seter and SVW reserve the right to amend their Answer following disclosure of documents.

Complaint, Defendants admit that Mills shared plans with Defendants regarding paying the delinquent taxes on the parcel discussed above.

11.     Defendants deny the allegations in Paragraph 11 of Plaintiff's First Amended Complaint.

12.     Defendants deny the allegations in Paragraph 11 of Plaintiff's First Amended Complaint.

13.     In response to the allegations in Paragraph 13 of Plaintiff's First Amended Complaint, Defendants drafted a loan agreement between NGC and a potential lender regarding the 15-acre parcel.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiff's Amended Complaint and, therefore, deny the same.

## II.   Parties

15.     Defendants admit that NGC is a limited liability company organized under Florida laws with its principal place of business located at 1990 Main Street, Suite 801, Sarasota, Florida 34236.  Defendants are without knowledge or information sufficient to form a belief as to the truth of whether Avid Hunter Management, Ltd. is the current manager of NGC, and therefore, deny the same.

a.     In response to the allegations in Paragraph 15.a. of Plaintiff's First Amended Complaint, Defendants admit that Avid Hunter, Ltd. is a limited partnership organized under Florida laws with its principal place of business located at 1990 Main Street, Suite 801, Sarasota, Florida 34236 and that Klaus Gondert is the owner of Avid Hunter and is a German citizen.  Defendants are without knowledge or information

sufficient to form as belief as to the truth of Avid Hunter Management, Inc.'s relationship, and therefore, deny the same.

        b.      Defendants admit that JUSA is a limited liability company organized under Florida laws with its principal place of business at 1990 Main Street, Suite 801, Sarasota, Florida 34236 and that Mills' personal residence was 1205 Foxden Road, Apopka, Florida 32712, making him a domiciliary of Florida at the time NGC commenced this action.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15.b. of Plaintiff's First Amended Complaint, and therefore, deny the same.

        c.      In response to the allegations in Paragraph 15.c. of Plaintiff's First Amended Complaint, Defendants admit that Westhaven Development, LLC is organized under the State of Delaware with its principal place of business in Florida, but Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15.c. and, therefore, deny the same.

16.      In response to the allegations in Paragraph 16 of Plaintiff's First Amended Complaint, Defendants admit that Seter is an attorney licensed to practice law in Colorado and the shareholder and director of SVW and that Seter is domiciled in Colorado.

17.      Defendants admit the allegations in Paragraph 17 of Plaintiff's Amended Complaint.

## III.    Jurisdiction and Venue

18.      In response to the allegations in Paragraph 18 of Plaintiff's First Amended Complaint, the allegations set for the basis for diversity jurisdiction.

19.      Defendants admit that this court has jurisdiction over this case.

20.     Defendants admit that venue is proper in this court.

IV.     **General Allegations**

21.     In response to the allegations in Paragraph 21 of Plaintiff's First Amended Complaint, Defendants admit that Seter and NGC, by and through Mills, executed an engagement letter on or around January 6, 2011.

22.     In response to the allegations in Paragraph 21 of Plaintiff's First Amended Complaint, Defendants admit the engagement letter stated that NGC retained SVW to provide legal services in connection with the Pinnacle Farms and Northgate projects, which included the 15-acre parcel.

23.     In response to the allegations in Paragraph 23, Defendants admit they provided legal services to NGC between 2011 and 2019.

24.     In response to the allegations in Paragraph 24 of Plaintiff's First Amended Complaint, Defendants were aware that Avid Hunter, Ltd., which was owned by Klaus Gondert, was a member of NGC.  Since JUSA managed NGC, Mills was the authorized representative to act on behalf of NGC.

25.     In response to the allegations in Paragraph 25 of Plaintiff's First Amended Complaint, Defendants admit that Seter had dinner with Klaus and Steffi Gondert at the Buckhorn Exchange when Defendants were providing legal services to NGC and, that at one point, Klaus Gondert visited the SVW office.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and, therefore, deny the same.

26.     In response to the allegations in Paragraph 26 of Plaintiff's First Amended Complaint, Defendants admit they had Klaus Gondert's and Steffi Gondert's email

addresses and they were occasionally carbon-copied on emails.

        *A.*     *Defendants' representation of NGC with respect to the 15-acre*

                  *parcel.*

27.    In response to the allegations in Paragraph 27 of Plaintiff's First Amended Complaint, Defendants admit their representation of NGC included advising NGC with respect to NGC's delinquent taxes on the 15-acre parcel.

28.    Defendants deny the allegations in Paragraph 28 of Plaintiff's First Amended Complaint.

29.    Defendants admit that, in 2013, they appealed and protested Adams County's valuation of the 15-acre parcel and that NGC did not pay taxes on the 15-acre parcel.

30.    In response to the allegations in Paragraph 30, Defendants admit that, in 2013, they appealed and protested Adams County's valuation of the 15-acre parcel and that NGC did not pay the taxes assessed on the 15-acre parcel.

31.    Defendants deny the allegations in Paragraph 31 of Plaintiff's First Amended Complaint.

32.    In response to allegations in Paragraph 32 of Plaintiff's First Amended Complaint, Defendants admit that Adams County held a tax lien sale on November 1, 2013 on the assessed taxes of the 15-acre parcel and that a third party purchased the lien.

33.    In response to the allegations in Paragraph 33 of Plaintiff's First Amended Complaint, Defendants admit they advised NGC, by and through Mills, that the holder of a tax lien certificate may apply for a treasurer's deed in the event NGC does not pay its

delinquent taxes, which could cause NGC to lose the 15-acre parcel.

34.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, deny the same.

35.     In response to the allegations in Paragraph 35 of Plaintiff's First Amended Complaint, Defendants admit at Mills' request Defendants performed legal services related to selling NGC's C-BT shares.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, deny the same.

37.     In response to the allegations in Paragraph 37 of Plaintiff's First Amended Complaint, Defendants admit they advised NGC about Adam County's process for issuing a treasurer's deed on the 15-acre parcel and advised NGC on selling its C-BT shares to pay the taxes on the parcel.

38.     In response to the allegations in Paragraph 38 of Plaintiff's First Amended Complaint, Defendants admit they prepared a memorandum analyzing the process of the holder of a tax lien certificate could obtain a treasurer's deed as it applied to the 15-acre property and another property owned by NGC.  Regarding the 15-acre parcel, Defendants advised NGC that the earliest date upon which the holder of the tax lien certificate could apply for a treasurer's deed was November 1, 2016.   Defendants provided the memorandum to NGC and billed NGC for Defendants' work on the memorandum.

39.     In response to allegations in Paragraph 39 of Plaintiff's First Amended Complaint, Defendants admit they advised NGC to use the proceeds from the sale of C-BT shares to pay the delinquent taxes on the 15-acre parcel to avoid the issuance of a treasurer's deed on the parcel.

40.     In response to the allegations in Paragraph 40 of Plaintiff's First Amended Complaint, Defendants admit that Mills planned to pay the delinquent taxes on the 15-acre parcel with money generated by the sale of NGC's C-BT shares.

41.     In response to the allegations in Paragraph 41 of Plaintiff's First Amended Complaint, Defendants admit that Mills and Klaus Gondert discussed selling NGC's C-BT shares to pay the taxes owed on the 15-acre parcel.

42.     In response to the allegations in Paragraph 42 of Plaintiff's First Amended Complaint, Defendants admit that Seter was the supervising attorney at SVW.

43.     In response to the allegations in Paragraph 43 of Plaintiff's First Amended Complaint, Defendants admit they prepared a Statement of Authority for NGC ahead of the sale of C-BT shares.

44.     In response to the allegations in Paragraph 44, Defendants admit they acted as escrow agent in the sale of the C-BT shares.

45.     In response to the allegations in Paragraph 45, Defendants admit they were advised the money generated from the sale of NGC's C-BT shares would be used to pay the taxes on the 15-acre parcel.

46.     In response to the allegations in Paragraph 46, Defendants admit Mills was authorized to act on behalf of NGC to use the proceeds from the sale of C-BT to pay the taxes on the 15-acre parcel.

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, therefore, deny the same.

48.     In response to allegations in Paragraph 48 of Plaintiff's First Amended Complaint, Defendants admit the taxes on the 15-acre parcel were not paid.

49.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, therefore, deny the same.

50.     In response to the allegations in Paragraph 50, Defendants admit they advised NGC on the delinquent taxes on the 15-acre parcel.

B.     *Defendants' representation of NGC and Mills*

51.     In response to the allegations in Paragraph 51 of Plaintiff's First Amended Complaint, Defendants admit they represented Mills in matters unrelated to Defendants' representation of NGC.

52.     In response to the allegations in Paragraph 51 of Plaintiff's First Amended Complaint, Defendants admit they represented Mills in matters unrelated to Defendants' representation of NGC.

a.     In response to allegations in Paragraph 52.a. of Plaintiff's First Amended Complaint, Defendants admit they filed Westhaven Colorado Development, LLC's corporate documents with the Colorado Secretary of State, including a Statement of Foreign Entity Authority where Seter is identified as the registered agent in Colorado.

b.     In response to allegations in Paragraph 52.b. of Plaintiff's First Amended Complaint, Defendants admit they filed Friesland Charitable Foundation's corporate documents with the Colorado Secretary of State, including articles of organization where Seter is identified as the registered agent in Colorado.

c.     In response to allegations in Paragraph 52.c. of Plaintiff's First Amended Complaint, Defendants admit Seter was identified as a manager of Friesland Capital.

d.     In response to allegations in Paragraph 52.d. of Plaintiff's First

Amended Complaint, Defendants submit that the transcript from Seter's February 25, 2021 deposition speaks for itself.

   e. In response to allegations in Paragraph 52.e. of Plaintiff's First Amended Complaint, Defendants submit that the transcript from Seter's February 25, 2021 deposition speaks for itself.

  53. Defendants deny the allegations in Paragraph 53 of Plaintiff's First Amended Complaint.

  54. Defendants deny the allegations in Paragraph 54 of Plaintiff's First Amended Complaint.

  55. Defendants deny the allegations in Paragraph 55 of Plaintiff's First Amended Complaint.

  56. Defendants deny the allegations in Paragraph 56 of Plaintiff's First Amended Complaint.

  57. Defendants deny the allegations in Paragraph 57 of Plaintiff's First Amended Complaint.

   C. _NGC's loss of the 15-acre parcel_

  58. In response to the allegations in Paragraph 58 of Plaintiff's First Amended Complaint, Defendants admit that Mills shared plans with Defendants regarding paying the delinquent taxes on the 15-acre parcel.

  59. Defendants deny the allegations in Paragraph 59 of Plaintiff's First Amended Complaint.

  60. Defendants deny the allegations in Paragraph 60 of Plaintiff's First Amended Complaint.

61.     In response to the allegations in Paragraph 61 of Plaintiff's First Amended Complaint, Defendants admit that, in or around November 7, 2018, they became aware of the Final Notice that Adams County would issue a treasurer's deed on the 15-acre parcel on November 29, 2016 if taxes were not paid by then.

62.     Defendants deny the allegations asserted against them in Paragraph 62 of Plaintiff's First Amended Complaint.

63.     Defendants deny the allegations in Paragraph 63 of Plaintiff's First Amended Complaint.

64.     In response to the allegations in Paragraph 64, Defendants submit the e mail speaks for itself.

65.     In response to the allegations in Paragraph 65 of Plaintiff's First Amended Complaint, Defendants submit the e mail speaks for itself.

66.     In response to the allegations in Paragraph 66 of Plaintiff's First Amended Complaint, Defendants submit the e mail speaks for itself.

67.     Defendants deny the allegations in Paragraph 67 of Plaintiff's First Amended Complaint.

68.     Defendants admit the wire transfer did not occur.

69.     In response to the allegations in Paragraph 69 of Plaintiff's First Amended Complaint, Defendants admit that at Mills' request they drafted a loan agreement and promissory note.

70.     Defendants deny the allegations in Paragraph 70 of Plaintiff's First Amended Complaint.

71.     In response to the allegations in Paragraph 71 of Plaintiff's First Amended

Complaint, Defendants admit that NGC conveyed title in the 15-acre parcel to Marbella Ventures with the option to repurchase the property.

72.     Defendants deny the allegations in Paragraph 72 of Plaintiff's First Amended Complaint.

73.     Defendants deny the allegations in Paragraph 73 of Plaintiff's First Amended Complaint.

74.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of Plaintiff's Amended Complaint and, therefore, deny the same.

75.     Defendants deny the allegations in Paragraph 75 of Plaintiff's First Amended Complaint.

76.     Defendants deny the allegations in Paragraph 76 of Plaintiff's First Amended Complaint.

77.     In response to the allegations in Paragraph 77 of Plaintiff's First Amended Complaint, Defendants admit that NGC's legal counsel appeared at SVW's offices.

78.     Defendants deny the allegations in Paragraph 78 of Plaintiff's First Amended Complaint.

79.     Defendants deny the allegations in Paragraph 79 of Plaintiff's First Amended Complaint.

80.     In response to the allegations in Paragraph 80 of Plaintiff's First Amended Complaint, Defendants admit that NGC's legal counsel sent a letter, which speaks for itself.

81.     In response to the allegations in Paragraph 81 of Plaintiff's First Amended

Complaint, Defendants admit they are represented by legal counsel.

82.     Defendants deny the allegations in Paragraph 82 of Plaintiff's First Amended Complaint.

83.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of Plaintiff's Amended Complaint and, therefore, deny the same.

84.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of Plaintiff's Amended Complaint and, therefore, deny the same.

85.     In response to the allegations in Paragraph 85 of Plaintiff's First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of Plaintiff's Amended Complaint and, therefore, deny the same.

86.     Defendants deny the allegations in Paragraph 86 of Plaintiff's First Amended Complaint.

87.     Defendants deny the allegations in Paragraph 87 of Plaintiff's First Amended Complaint.

88.     In response to the allegations in Paragraph 88 of Plaintiff's First Amended Complaint, Defendants admit that they have experience analyzing operating agreements.

89.     In response to the allegations in Paragraph 89, Defendants admit that they drafted a Statement of Authority.

90.     Defendants admit Newton was an associate attorney at SVW.

91.     Defendants admit Seter was the supervising attorney at SVW.

92.     Defendants deny the allegations in Paragraph 92 of Plaintiff's First Amended Complaint.

93.     Defendants deny the allegations in Paragraph 93 of Plaintiff's First Amended Complaint.

94.     In response to allegations in Paragraph 94 of Plaintiff's First Amended Complaint, Defendants submit the Statement of Authority speaks for itself.

95.     Defendants deny the allegations in Paragraph 95 of Plaintiff's First Amended Complaint.

96.     In response to allegations in Paragraph 96 of Plaintiff's First Amended Complaint, Defendants submit the Statement of Authority speaks for itself.

97.     Defendants deny the allegations in Paragraph 97 of Plaintiff's First Amended Complaint.

98.     In response to allegations in Paragraph 98 of Plaintiff's First Amended Complaint, Defendants submit the NGC operating agreement speaks for itself.

99.     In response to allegations in Paragraph 99 of Plaintiff's First Amended Complaint, Defendants submit the Statement of Authority speaks for itself.

100.    Defendants deny the allegations in Paragraph 100 of Plaintiff's First Amended Complaint.

101.    In response to the allegations in Paragraph 101 of Plaintiff's First Amended Complaint, Defendants admit they drafted a Statement of Authority.

102.    In response to the allegations in Paragraph 102 of Plaintiff's First Amended Complaint, Defendants admit that they had a copy of NGC's operating agreement.

103.    Defendants deny the allegations in Paragraph 103 of Plaintiff's First

- 14 -

Amended Complaint.

104.    Defendants deny the allegations in Paragraph 103 of Plaintiff's First Amended Complaint.

105.    In response to allegations in Paragraph 105 of Plaintiff's First Amended Complaint, Defendants submit the Statement of Authority speaks for itself.

106.    Defendants deny the allegations in Paragraph 106 of Plaintiff's First Amended Complaint.

107.    In response to the allegations in Paragraph 107 of Plaintiff's First Amended Complaint, Defendants admit that Mills signed the Statement of Authority.

108.    Defendants deny the allegations in Paragraph 108 of Plaintiff's First Amended Complaint.

109.    Defendants deny the allegations in Paragraph 109 of Plaintiff's First Amended Complaint.

110.    Defendants deny the allegations in Paragraph 110 of Plaintiff's First Amended Complaint.

111.    Defendants deny the allegations in Paragraph 111 of Plaintiff's First Amended Complaint.

112.    Defendants deny the allegations in Paragraph 112 of Plaintiff's First Amended Complaint.

113.    Defendants deny the allegations in Paragraph 113 of Plaintiff's First Amended Complaint.

114.    Defendants deny the allegations in Paragraph 114 of Plaintiff's First Amended Complaint.

115.    In response to the allegations in Paragraph 115 of Plaintiff's First Amended Complaint, Defendants admit they submitted a Statement of Authority to Adams County in 2016.

116.    Defendants deny the allegations in Paragraph 116 of Plaintiff's First Amended Complaint.

117.    Defendants deny the allegations in Paragraph 117 of Plaintiff's First Amended Complaint.

118.    Defendants deny the allegations in Paragraph 118 of Plaintiff's First Amended Complaint.

119.    Defendants admit the allegations in Paragraph 87 of Plaintiff's First Amended Complaint.

120.    Defendants deny the allegations asserted against them in Paragraph 120 of Plaintiff's First Amended Complaint.

121.    Defendants deny the allegations in Paragraph 87 of Plaintiff's First Amended Complaint.

122.    Defendants deny the allegations in Paragraph 122 of Plaintiff's First Amended Complaint.

**V.    First Claim for Relief: Negligence (Against All Defendants)**

123.    Defendants incorporate by reference their responses to Paragraphs 1 through 122 of Plaintiff's First Amended Complaint as if fully set forth herein.

124.    Defendants deny the allegations in Paragraph 124 of Plaintiff's First Amended Complaint.

125.    Defendants deny the allegations in Paragraph 125 of Plaintiff's First

Amended Complaint.

126.    Defendants deny the allegations in Paragraph 126 of Plaintiff's First Amended Complaint.

127.    Defendants deny the allegations in Paragraph 127 of Plaintiff's First Amended Complaint.

128.    Defendants deny the allegations in Paragraph 128 of Plaintiff's First Amended Complaint.

129.    Defendants deny the allegations in Paragraph 129 of Plaintiff's First Amended Complaint.

**V.      Second Claim for Relief: Breach of Fiduciary Duty (Against All Defendants)**

130.    Defendants incorporate by reference their responses to Paragraphs 1 through 129 of Plaintiff's First Amended Complaint as if fully set forth herein.

131.    Defendants deny the allegations in Paragraph 131 of Plaintiff's First Amended Complaint.

132.    Defendants deny the allegations in Paragraph 132 of Plaintiff's First Amended Complaint.

133.    Defendants deny the allegations in Paragraph 133 of Plaintiff's First Amended Complaint.

134.    Defendants deny the allegations in Paragraph 134 of Plaintiff's First Amended Complaint.

135.    Defendants deny the allegations in Paragraph 135 of Plaintiff's First Amended Complaint.

136.    Defendants deny the allegations in Paragraph 136 of Plaintiff's First Amended Complaint.

137.    Defendants deny the allegations in Paragraph 137 of Plaintiff's First Amended Complaint.

138.    Defendants deny the allegations in Paragraph 138 of Plaintiff's First Amended Complaint.

139.    Defendants deny the allegations in Paragraph 139 of Plaintiff's First Amended Complaint.

140.    Defendants deny the allegations in Paragraph 140 of Plaintiff's First Amended Complaint.

**VI.    Second Claim for Relief: Aiding and Abetting Breach of Fiduciary Duties (Against All Defendants)**

141.    Defendants incorporate by reference their responses to Paragraphs 1 through 140 of Plaintiff's First Amended Complaint as if fully set forth herein.

142.    Defendants deny the allegations in Paragraph 142 of Plaintiff's First Amended Complaint.

143.    In response to the allegations in Paragraph 143 of Plaintiff's First Amended Complaint, Defendants admit Mills owed fiduciary duties to NGC.

144.    In response to the allegations in Paragraph 144 of Plaintiff's First Amended Complaint, Defendants admit Mills owed fiduciary duties to NGC.

145.    Defendants deny the allegations in Paragraph 145 of Plaintiff's First Amended Complaint.

146.    Defendants deny the allegations in Paragraph 146 of Plaintiff's First

Amended Complaint.

147.    Defendants deny the allegations in Paragraph 147 of Plaintiff's First Amended Complaint.

148.    Defendants deny the allegations in Paragraph 148 of Plaintiff's First Amended Complaint.

149.    Defendants deny the allegations in Paragraph 149 of Plaintiff's First Amended Complaint.

150.    Defendants deny the allegations in Paragraph 150 of Plaintiff's First Amended Complaint.

## GENERAL DENIAL

151.    Defendants deny all allegations in Plaintiff's First Amended Complaint not specifically admitted herein.

## DEFENSES

1.    Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted specifically the claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty.

2.    Plaintiff's claims may be barred or limited by application of the "case within a case" doctrine, including any defenses applicable in the underlying case.

3.    Plaintiff's claims may barred or limited but the conduct of its agents including Mills and Gondert which conduct is imputed to Plaintiff under the doctrine of comparative negligence.

4.    Plaintiff's claims may be barred or limited by the conduct of its agents including Mills and Gondert which conduct is imputed to Plaintiff under the law of agency.

5.      Plaintiff's claims may be barred by the applicable statute of limitations.

6.      Plaintiff's claims may be barred or limited by the doctrines of issue preclusion or claim preclusion.

7.      Plaintiff's claims may be barred or limited by the negligence or fault of third-parties over whom Defendants had no control or right of control.

8.      Plaintiff's claims may be barred or limited by the doctrine of *in pari delicto*.

9.      Defendants reserve the right to assert additional defenses as supported by discovery or the evidence in this case.

**DEFENDANTS DEMAND A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38**

WHEREFORE, Defendants request that the Complaint be dismissed and that judgment be entered in Defendants' favor. Defendants further request an award of their attorney fees and costs to the extent provided by law.  Defendants also request such further relief as this Court deems appropriate.

Dated this 1st day of November, 2021.

GORDON & REES LLP

 /s/  John M. Palmeri
John M. Palmeri, Esq.
555 Seventeenth Street, Ste. 3400
Denver, Colorado 80202
(303) 534-5160
jpalmeri@grsm.com

ATTONEYS FOR DEFENDANTS
KIM SETTER AND SETER
VANDERWALL, P.C.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification to the following this 1st day of November, 2021.

Ross W. Pulkrabek
Aaron D. Goldhamer
Keating Wagner Polidori Free, P.C.
1290 Broadway, Suite 600
Denver, Colorado 80203
rpulkrabek@keatingwagner.com
agoldhamer@keatingwagner.com

 /s/  Linda J. Bustos