# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-01746-RM-STV

NGC DEVELOPMENT, LLC, A FLORIDA LIMITED LIABILITY COMPANY

     Plaintiff,

v.

KIM J. SETTER, A COLORADO CITIZEN, AND
SETER & VANDER WALL, P.C. A COLORADO PROFESSIONAL CORPORATION,

     Defendants.

---

## SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Counsel for Plaintiff:
Ross W. Pulkrabek
Aaron Goldhamer
Keating Wagner Polidori Free, P.C.
1290 Broadway, Suite 600
Denver, CO 80203
303-534-0401

Counsel for Defendants:

John M. Palmeri
Rose E. Zetzman
Melissa A. Wiese
Gordon Rees Scully Mansukhani LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
303-534-5145

## 2. STATEMENT OF JURISDICTION

The parties agree the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction).

## 3. STATEMENT OF CLAIMS AND DEFENSES

**a.      Plaintiffs:**

Plaintiff NGC Development, LLC ("NGC") is suing Defendants Kim Seter, Esq. and his law firm Seter & Vander Wall, P.C. ("SVW") for breaching their professional duties to NGC. As a result, NGC lost record title to real property worth $7,000,000 and has incurred substantial legal fees in and costs in efforts to recover title to the property. NGC's claims against Seter and SVW include professional negligence, breach of fiduciary duty, and aiding and abetting another's breaches of fiduciary duties.

At the center of this case is a conflict of interest on the part of Seter and SVW, which NGC never waived and, indeed, was non-waivable. At the same time Seter and SVW were NGC's trusted legal counsel in Colorado, they had an attorney-client relationship with Russell Mills ("Mills") as well as other fiduciary relationships and business entanglements with Mills. This was a conflict of interest for Seter and SVW because Mills was the manager of JUSA Management, LLC ("JUSA-M"), which in turn managed NGC. As described in detail in NGC's complaint, Seter and SVW turned a blind eye toward Mills's breaches of his duties to NGC, actively assisted Mills in breaching his duties to NGC, and sought to conceal Mills's breaches from NGC. Time after time, Seter and SVW served Mills's interests at the expense of NGC's interests. Seter and SVW's relationships with Mills compromised their ability to provide

independent, objective, candid advice to NGC.

Seter and SVW knew that the majority owner of NGC was Avid Hunter, Ltd., an entity owned and controlled by German national Klaus Gondert. Seter met Klaus Gondert on more than one occasion. Seter and SVW knew that Mills reported to Klaus Gondert and was required to obtain Mr. Gondert's approval for certain major decisions. Seter and SVW knew how to contact Klaus Gondert as well as his daughter Steffi Gondert, who acted as Mr. Gondert's interpreter and assistant.

Unbeknownst to Klaus Gondert, Mills had a self-dealing agenda—which Mills shared with Seter and SVW. Mills's agenda included acquiring a 15-acre parcel that NGC owned in Adams County ("the Property") for himself. Whether an integral part of his self-dealing agenda or a consequence thereof, Mills allowed real property taxes that NGC owed on the Property to remain unpaid for years. This led to third parties acquiring tax lien certificates on the Property.

Seter and SVW did considerable work for NGC related to taxes owed on the Property. That work included protesting Adams County's tax assessment, advising NGC with respect to the process for redemption of certain tax liens against the Property and the corresponding procedure by which the holder of a tax lien certificate could apply for a treasurer's deed, and monitoring the Property so that NGC would be aware of any application for a treasurer's deed. Seter and SVW were acutely aware of the risk to NGC if the tax lien certificates were not redeemed.

In 2017 and 2018, Seter and SVW worked with Mills on increasingly far-fetched plans to redeem the tax lien certificates and avoid loss of the Property. Mills's plans

included using his own affiliated entities to acquire title to the Property from NGC and obtaining funds from unverified and untrustworthy foreign sources allegedly in the Middle East and Africa to carry out his plans.

In the second half of 2018, the unredeemed tax lien certificates on the Property became a crisis. Adams County notified SVW that it would issue a treasurer's deed on the Property on November 29, 2018, unless NGC paid the taxes.

Mills told Seter and SVW that his latest plan to redeem the tax lien certificates involved having an unnamed "investor" wire transfer an absurd but vaguely defined amount—$80,000,000 or $100,000,000—to SVW's COLTAF account. Mills then sent Seter an email to confirm his plan, explaining that Seter and SVW were to use part of the money to pay the taxes while using the balance for an array of projects, from real estate acquisitions to charitable endeavors in Kenya. Seter recognized that Mills was delusional and told others at SVW that Mills's plan was "BS."

Even though Mills's plan was objectively unbelievable, and even though it entailed conflicted-interest transactions on its face, and even though if Seter himself called that plan "BS," neither Seter nor anyone else at SVW made any effort to inform Klaus Gondert or Steffi Gondert about Mills's plan or the imminent risk of loss of the Property. As Seter expected, the $80,000,000 or $100,000,000 wire transfer never materialized. Seter and SVW still did nothing to alert Klaus Gondert or Steffi Gondert that NGC was at imminent risk of losing title to the Property.

On November 29, 2018—the day Adams County stated that it would issue the treasurer's deed—SVW helped Mills with a last-ditch effort involving negotiations with a

hard-money lender on extortive terms. Seter and SVW kept their loyalties to Mills and did not alert Klaus Gondert or Steffi Gondert to the peril that NGC faced. Mere hours before Adams County was to issue the treasurer's deed, the hard-money lender demanded terms that required NGC deed the property to his company. Mills had no authority to do so but signed the deed anyway under duress, and NGC lost title to the Property.

Had Seter or anyone else at SVW simply emailed or otherwise contacted Klaus Gondert or Steffi Gondert at any time prior to November 29, 2018, and informed them of the need to redeem the tax lien certificates on the Property, Klaus Gondert immediately would have addressed the problem by paying or causing NGC to pay the taxes, and NGC would not have lost title to its valuable property. Klaus Gondert had the financial means to have paid the taxes at any time. But for Seter and SVW helping Mills carry out plans that conflicted with NGC's interests and covering up Mills's wrongdoing, NGC would have kept title to the Property.

A lawsuit brought by NGC against the third parties that acquired title to the Property, seeking to quiet title in NGC's name and mitigate NGC's losses, remains pending in Adams County, Colorado. That lawsuit was tried to the court in November 2021. Closing arguments are scheduled for January 28, 2022.

      b.     Defendants:

Plaintiff NGC Devlopment, LLC is a Florida limited liability company.  JUSA Management, LLC is the manager of NGC Development.  Russell Mills is the manager of

JUSA Management.  Avid Hunter is the principal member of NDC Development.  Klaus Gondert is the principal of Avid Hunter.  Defendant Seter & Vander Wall, P.C. ("SVW") is a Colorado law firm.  Defendant Kim Seter is a Colorado attorney and a principal in the law firm.  Defendants provided legal representation to Plaintiff NGC Development.  They communicated with Mr. Mills as the authorized representative of NGC Development.

This case arises out of real property located in Westminster, Colorado.  NGC was the record owner of the property.  The taxes for the property were not paid and tax liens were sold, as provided by statute.  SVW learned of the tax liens and cautioned NGC, through Mills, that it would lose the property if the taxes were not paid.   NGC did not pay the taxes and the county gave notice that it was going to issue a deed to the property.  At the eleventh hour, on the day the deed was to issue, NGC entered into a short term agreement through which the taxes were paid and the default was cured.  Unforutantely, NGC was not able to repay the short term borrowing and lost the property via a quit claim deed to the lender.  NGC filed suit against the lender seeking return of the property.  That case went to trial in November 2021.  Closing arguments are scheduled in January 2022.

NGC claims Mills breached his fiduciary duties by failing to pay the real estate taxes on the property.  NGC filed suit against Mills in Florida.  The case is proceeding through discovery.  NGC also filed suit against the property management company in Colorado state court.  That case is also proceeding through discovery.  NGC filed suit against SVW for aiding and abetting Mills' breach of his fiduciary duties.

Plaintiff NGC has alleged claims for professional negligence, breach of fiduciary duty and aiding and abetting breach of fiduciary duty.  Defendants deny they were negligent in their representation of Plaintiff and further deny they breached any fiduciary duties to Plaintiff.  Plaintiff's aiding and abetting Mills' breach of fiduciary duty fails to state a claim upon which relief can be granted.  Moreover, Defendants dispute causation and damages.  Mills' conduct is imputed to Plaintiff under the law and bars or limits the claims against Defendants.  Plaintiff has asserted claims against several parties, including Mills, seeking the same damages, namely the loss of the subject property.  Plaintiff's claims against Defendants may be barred or limited by these other suits.  Defendants have raised other defenses in their Answer.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff NGC Development, LLC ("NGC") is a limited liability company organized under the laws of the State of Florida with its principal place of business located at 1990 Main Street, Suite 801, Sarasota, Florida 34236.

2. Defendant Kim J. Seter ("Seter") is an attorney who was admitted to practice law in the State of Colorado and is the shareholder and director of Defendant Seter & Wander Wall, P.C. ("SVW")

3. Seter is domiciled in the State of Colorado.

4. SVW is a professional corporation incorporated under the laws of the State of Colorado with its principal place of business located at 7400 East Orchard Road, Suite 3300, Greenwood Village, CO 80111.

5.      Defendants provided legal services to NGC between 2011 and 2019.

## 5. COMPUTATION OF DAMAGES

**Plaintiff:** Plaintiff's damages depend upon the outcome of the Adams County lawsuit. Currently, Plaintiff computes its damages to be $7 million, based on the appraised value of the real property at the time NGC lost title, plus attorney fees and costs incurred by NGC in the Adams County lawsuit in efforts to mitigate its losses. Plaintiff hopes that it will prevail in the Adams County lawsuit, in which event its damages may be limited to the attorney fees and costs incurred in that lawsuit.

**Defendants:** The Defendants are not making a claim for damages but reserve the right to recover fees and/or cost as permitted by law.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. **Date of Rule 26(f) meeting.** Counsel for the parties have conferred about Rule 26(f) matters on multiple occasions, must recently and comprehensively on January 7, 2022.

b. **Names of each participant and party he/she represented.** Ross Pulkrabek for the plaintiff, NGC Development, LLC; John Palmeri, Rose Zetzman, and Melissa Wiese for the defendants, Kim Seter and Seter & Vander Wall, PC.

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made.** Seter and Seter & Vander Wall, P.C. produced its files related to its representation of NGC Development, LLC in response to a subpoena served

in the Adams County lawsuit. Accordingly, a substantial portion of documents relevant to this case were identified and produced well before Plaintiff filed the instant case. The parties have agreed to exchange formal Rule 26 disclosures on January 28, 2022. Documents related to the Adams County lawsuit are anticipated to be produced on a rolling basis. The parties also have agreed that, on or before April 1, 2022, Plaintiff will produce a set of invoices reflecting fees and costs incurred in connection with the Adams County lawsuit through February 2022, subject to redaction for privilege or work product. Plaintiff will supplement those invoices at reasonable intervals thereafter.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).** As noted in the preceding paragraph.

e. **Statement concerning any agreements to conduct informal discovery:** The parties have not entered into any agreements to conduct informal discovery but will confer about ways to minimize the burden and expense of discovery, including informal discovery if appropriate, as the lawsuit moves forward.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties will use a unified exhibit numbering system for depositions. The parties anticipate that some deponents may reside in remote jurisdictions

and will confer in good faith about using technology to conduct such depositions remotely to minimize burden and expense associated with travel.

**g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties anticipate the production and discovery of a large number of electronically stored documents and are in the process of conferring as to the efficient management of e-discovery, including a protocol for discovery of electronically stored information ("ESI"). They have discussed using outside vendors to convert documents to searchable PDF format.  The parties agree to stipulate to a Protective Order in regard to the production of confidential information and an Order pursuant to Fed. R. Evid. 502(d).

**h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.** Because the Adams County litigation remains pending, and the outcome of that litigation is expected to have a substantial impact on Plaintiff's damages and/or the Defendants' liability, if any, the parties agree that settlement discussions would be premature at this time. However, the parties anticipate revisiting the possibility of settlement once the outcome of the Adams County litigation is known and the parties have

had the opportunity to engage in reasonable discovery.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.    **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.** 25 interrogatories per side.

b.    **Limitations which any party proposes on the length of depositions.** Seven hours per deposition.

c.    **Limitations which any party proposes on the number of requests for production and/or requests for admission.** 25 requests for production and 25 requests for admission per side.

d.    **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:** 35 days before the discovery cutoff.

e.    **Other Planning or Discovery Orders.** The parties agree that each side shall be limited to ten (10) depositions, not including depositions of expert witnesses.

## 9. CASE PLAN AND SCHEDULE

a.    **Deadline for Joinder of Parties and Amendment of Pleadings:** April 29, 2022.

**b.**   **Deadline for the Designation of Non-Parties at Fault:**   February 28, 2022.

**c.**   **Discovery Cut-off:** October 31, 2022.

**d.**   **Dispositive Motion Deadline:** November 30, 2022.

**e.**   **Expert Witness Disclosure:**

    1.   The parties shall identify anticipated fields of expert testimony, if any:

    **Plaintiff:** At this time Plaintiff anticipates calling two experts: an attorney as an expert to testify about the standard of care applicable to Defendants' acts and omissions; and a real estate appraiser to testify to the fair market value of the real property at issue.

    **Defendants:** At this time, the Defendants anticipate calling  three experts: an attorney to opine and testify about the standard of care applicable to the Defendants' conduct;; an attorney to opine and testify as to the standard of care and professional conduct applicable to advising limited liability companies and their members, managers and other representatives and a real estate appraiser to opine and testify to the fair market value of the real property at issue.

    2.   Limitations which the parties propose on the use or number of expert witnesses.

**Court adopts Plaintiff's position but up to a maximum of 4 experts**

**Plaintiff:** Plaintiff proposes that each side be limited to calling one specially retained expert for any subject matter that reasonably could be addressed through a single expert (e.g., one lawyer expert witness per side to testify on matters that pertain to a lawyer's standard of care).

**Defendants**: Defendants propose that each side be limited to a total of four expert witnesses.

3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 31, 2022.

4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before September 30, 2022.

**f.      Identification of Persons to Be Deposed:**

**Plaintiff:**

Kim Seter, 7 hours.

Russell Newton, 7 hours.

Russell Mills, 7 hours.

Deborah Mills, 3.5 hours.

Seter & Vander Wall, P.C., 7 hours.

Additional depositions to be determined based on discovery.

**Defendants:**

Klaus Gondert: 7 hours

Steffi Gondert: 7 hours

Russell Mills: 7 hours

F.R.C.P 30(b)(6) of Plaintiff NGC Development, LLC: 7 hours

Dan Robison: 7 hours

F.R.C.P 30(b)(6) of Avid Hunter, Ltd.: 3.5 hours Curt LeRossignol: 3.5 hours

Lauren ("Trip") DeMuth, Esq.: 7 hours

Additional depositions to be determined based on discovery.

**g.** **Deadline for Interrogatories:** 35 days before the discovery cutoff.

**h.** **Deadline for Requests for Production of Documents and/or Admissions:** 35 days before the discovery cutoff.

## 10. DATES FOR FURTHER CONFERENCES

**i.** Status conferences will be held in this case at the following dates and times:_____.

**j.** A final pretrial conference will be held in this case on February 15, 2023, at 9:15 a.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final

pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.   **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.** None.

b.   **Anticipated length of trial and whether trial is to the court or jury.** Ten (10) days to a jury.

c.   **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/LaPlata County Courthouse, Suite 150, 1060 E. 2nd Avenue, Durango, Colorado 81301.** None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this  19th day of January, 2022

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

*s/ Aaron Goldhamer*
Ross W. Pulkrabek
Aaron Goldhamer
Keating Wagner Polidori Free, P.C.
1290 Broadway, Suite 600
Denver, CO 80203
303-534-0401
rpulkrabek@keatingwagner.com
agoldhamer@keatingwagner.com
Counsel for Plaintiff

*s/ John M. Palmeri*
John M. Palmeri
Rose E. Zetzman
Melissa A. Wiese
Gordon Rees Scully Mansukhani LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
303-534-5145
Counsel for Defendants
jpalmeri@grsm.com
rzetzman@grsm.com
mwiese@grsm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of January 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:


*s/ Leslie J. Ruiz*
Leslie J. Ruiz, Litigation Paralegal
Keating Wagner Polidori Free, P.C.