# EXHIBIT A

to

Defendants' Designation of Non-Parties

*NGC Development, LLC v. Seter & Vander Wall, P.C., et al.*
*Case No.: 1:21-cv-01746-RM-STV*

| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, COLORADO<br>Court Address:<br>Adams County District Court<br>1100 Judicial Center Drive<br>Brighton, CO 80601<br>Phone Number: (303) 659-1161<br>_____<br><br>NGC DEVELOPMENT, LLC, a Florida limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WESTMINSTER STATION NORTHGATE, LLC, a Colorado limited liability company; MARBELLA VENTURES, LLC, a Colorado limited liability company; MARQUEST, LLC, a Colorado limited liability company; CHARLES SANTAULARIA, an individual; PERRY RADIC, an individual; ERVIN HOLLE, an individual; BARBARA RANDELL, aka Barbara Randell Bartlett, an individual; PUBLIC SERVICE COMPANY OF COLORADO, a Colorado corporation; CITY OF WESTMINSTER; UNION PACIFIC RAILROAD COMPANY, a Delaware corporation; WAL-MART STORES, INC., a Delaware corporation; and LISA L. CULPEPPER, J.D., IN HER CAPACITY AS ADAMS COUNTY TREASURER; AND ALL UNKNOWN PERSONS WHO CLAIM ANY INTEREST IN THE SUBJECT MATTER OF THIS ACTION,<br><br>Defendants.<br>_____<br>Brandee L. Caswell, #30706<br>Carla R. Martin, #46433<br>FAEGRE BAKER DANIELS LLP<br>1144 Fifteenth Street, Suite 3400<br>Denver, CO 80202<br>Telephone No: (303) 607-3500<br>Facsimile No. (303) 607-3600<br>Email: Brandee.Caswell@faegrebd.com<br>         Carla.Martin@faegrebd.com<br><br>ATTORNEYS FOR PLAINTIFF | DATE FILED: January 3, 2020 2:37 PM<br>FILING ID: 58B5643E65F68<br>CASE NUMBER: 2020CV30010 |

**COMPLAINT TO QUIET TITLE PURSUANT TO RULE 105, C.R.C.P. AND FOR DAMAGES**

Plaintiff, NGC Development, LLC ("NGC"), through its undersigned counsel brings this Complaint to Quiet Title and for Damages. This case arises from a series of fraudulent attempts to convey NGC's multi-million-dollar commercial property to third parties. The deeds purporting to convey NGC's property are suspect on their face and the current purported owner, Defendant Westminster Station Northgate, LLC ("WSN"), knew or should have known the purported conveyances were fraudulent and unauthorized. NGC seeks to quiet title to its property or, in the alternative, damages.

**PARTIES, JURISDICTION AND VENUE**

1. This is an action to quiet title under Colo. R. Civ. P. 105.

2. The real property at issue in this action consists of fee simple title to a parcel of land located in Adams County, Colorado. The real property is located at 7120 Federal Boulevard, Westminster, Colorado 80030-5511, and is more particularly described as:

> A parcel of land situated in the Northeast 1/4 of Section 5, Township 3 South, Range 68 West of the 6th P.M., Adams County, State of Colorado, said parcel being more particularly described as follows:
>
> Commencing at the North 1/4 corner of said Section 5; Thence N 89°37'42" E, a distance of 1112.80 feet to the Northerly extension of the West line of Park Terrace Filing No. 1 as recorded in the records of said county; thence S 00°29'59" W, a distance of 30.00 feet to the Northwest corner of said subdivision, said point also being the point of beginning;
>
> Thence along said Westerly line S 00°29'59" W a distance of 893.57 feet;
> Thence S 89°38'08" W a distance of 1067.44 feet to a point on the Easterly right-of-way of Federal Boulevard, said ROW being 50' Easterly of and parallel with the Westerly line of said Northeast 1/4;
> Thence along said right-of-way N 00°47'17" E a distance of 169.55 feet to the right-of-way described in Book 4152 at page 550;
> Thence along said right-of-way N 89°37'54" E a distance of 9.86 feet;
> Thence N 03°04'53" E a distance of 250.65 feet;
> Thence N 05°26'14" E a distance of 136.46 feet;
> Thence N 00°47'27" E a distance of 288.32 feet;
> Thence N 45°47'27" E a distance of 33.87 feet;
> Thence N 87°42'44" E a distance of 464.01 feet;
> Thence N 89°24'00" E a distance of 86.50 feet;
> Thence N 01°02"06" W a distance of 10.29 feet to a point in a line that is 30 foot South of and parallel with the North line of said Northeast 1/4;
> Thence along said parallel line N 89°37'42" E a distance of 458.42 feet to the Point of Beginning,
> County of Adams, State of Colorado.
>
> Except therefrom, lots 1 and 2, Northgate Shopping Center Subdivision in the City of Westminster, County of Adams, State of Colorado, per plat recorded January 23, 2009 at Reception No. 2009000004883.

("the Subject Property").

3. NGC is the true and lawful owner of the Subject Property, having acquired fee title to the Subject Property on November 18, 2010 pursuant to a special warranty deed recorded in the real property records of Adams County Colorado on November 23, 2010 at Reception No. 2010000081498 ("NGC Deed"). A true and correct copy of the NGC Deed is attached hereto as Exhibit 1.

4. NGC is a Florida limited liability company with its principal business address located at 800 S. Dillard Street, Winter Garden, Florida 34787.

5. Defendant Westminster Station Northgate, LLC ("WSN") is a Colorado limited liability company with its address located at 333 West Hampton Avenue, Suite 60, Englewood, Colorado 80110.

6. WSN may claim an interest in the Subject Property pursuant to a void or voidable deed, more particularly described in the General Allegations.

7. Defendant Marbella Ventures, LLC ("Marbella") is a Colorado limited liability company.

8. Marbella may claim an interest in the Subject Property pursuant to a void or voidable deed, more particularly described in the General Allegations.

9. Defendant MarQuest, LLC ("MarQuest") is a Colorado limited liability company.

10. MarQuest may claim an interest in the Subject Property pursuant to a void or voidable deed, more particularly described in the General Allegations.

11. Defendant Charles Santaularia ("Santaularia") is an individual and, upon information and belief, a resident of Jefferson County, Colorado and the principal of Marbella and MarQuest.

12. Defendant Perry Radic ("Radic") is an individual and, upon information and belief, a resident of Douglas County, Colorado.

13. Radic may claim an interest in the Subject Property pursuant to a void or voidable deed more particularly described in the General Allegations.

14. Defendant Ervin Holle ("Holle") is an individual and, upon information and belief, is a resident of Douglas County, Colorado.

15. Holle may claim an interest in the Subject Property pursuant to a void or voidable deed more particularly described in the General Allegations.

16. Defendant Barbara Randell, also known as Barbara Randell Bartlett, ("Randell") is an individual and, upon information and belief, a resident of the City and County of Denver, Colorado.

17. Randell may claim an interest in the Subject Property pursuant to a void or voidable deed more particularly described in the General Allegations.

18. Defendant Public Service Company of Colorado ("PSCo") is a Colorado corporation that has an interest in and to the Subject Property pursuant to a Utility Easement conveying an easement for utility lines recorded March 31, 1976 in Book 2054 at Page 353 and pursuant to an Easement conveying an easement for utility lines recorded February 5, 2008 at Reception No. 2008000008940 in the land records of Adams County, Colorado (the "PSCo Easement").

19. NGC agrees the PSCo Easement is a valid and subsisting encumbrance on the Subject Property.

20. Defendant City of Westminster has an interest in and to the Subject Property pursuant to a Permanent Easement and Temporary Construction Easement conveying a utility line easement recorded September 17, 1993 at Reception No. 1176304 in the land records of Adams County, Colorado.

21. Defendant Union Pacific Railroad Company ("UPR") is a Delaware corporation and may claim an interest in the Subject Property pursuant to a United States Patent recorded December 9, 1881 in Book A7 at Page 274 in the land records of Adams County, Colorado and/or pursuant to a deed recorded on January 28, 1881 at Book A1 at Page 350.

22. Defendant Wal-Mart Stores, Inc. ("Wal-Mart Stores") is a Delaware corporation and may claim an interest in the Subject Property pursuant to a Temporary Non-Exclusive Access Easement Agreement recorded on May 16, 2014 and recorded at Reception No. 2014000029982 in the land records of Adams County, Colorado (the "Wal-Mart Easement").

23. NGC agrees the Wal-Mart Easement is a valid and subsisting encumbrance on the Subject Property.

24. Collectively, Defendants PSCo, City of Westminster, UPR, and Wal-Mart Stores will be referred to as "the Other Defendants."

25. Defendant Lisa L. Culpper, J.D. is the Adams County Treasurer.

26. Venue is proper in this Court under Colo. R. Civ. P. 98(a) because this is an action affecting rights to real property situated in Adams County, Colorado.

27. This Court, as a court of general jurisdiction, has jurisdiction to determine title to real property and other property rights in an action brought under Colo. R. Civ. P. 105 along with general jurisdiction to adjudicate property rights in Adams County, Colorado. Additionally, this

Court has jurisdiction to adjudicate the money damage claim stated herein pursuant to Colo. Rev. Stat. § 13-1-124 because the cause of action arises from the ownership, use, or possession of real property situated in Colorado.

## GENERAL ALLEGATIONS

<u>NGC's Purchase of the Subject Property</u>

28. NGC was created to invest in, acquire, sell, improve, and/or develop property, including a shopping center in Westminster, Colorado called "Northgate Shopping Center."

29. NGC purchased the Subject Property on November 18, 2010 for $6,000,000.00 via the NGC Deed.

30. NGC is the current record owner of the adjoining property. NGC purchased this adjoining parcel of land from the same grantor as the Subject Property pursuant to a Special Warranty Deed recorded on September 12, 2013 at Reception No. 2013000080024. This adjoining parcel of land is located at 7110 Federal Boulevard, Westminster, Colorado and is more particularly described as:

> Lot 2, Northgate Shopping Center Subdivision in the City of Westminster, County of Adams, State of Colorado, per plat recorded January 23, 2009 at Reception No. 2009000004883 ("7110 Federal Property").

31. The Subject Property and the 7110 Federal Property are commercial properties located at or near a new light rail station in Westminster, Colorado. The 7110 Federal Property has numerous improvements including a Wal-Mart store pursuant to a lease agreement with Defendant Wal-Mart Stores, Inc. The Subject Property is contiguous with the 7110 Federal Property but is mostly unimproved.

<u>Invalid Conveyance of a Portion of the Subject Property ("the 100-SF Parcel")</u>

32. The NGC Deed contained a legal description of the Subject Property, as set forth in Paragraph 2 of this Complaint.

33. The legal description in the NGC Deed contained no exception or carve-out for any parcel other than the lots referred to in the final paragraph of the legal description (which lots comprise the 7110 Federal Property and are not part of the Subject Property).

34. Nevertheless, after conveying the Subject Property to NGC, the entity from whom NGC bought the Subject Property ("Prior Owner") then purported to convey a ten-foot by ten-foot portion in the southeastern corner of the Subject Property ("the 100-SF Parcel") to three individuals – Defendants Radic, Holle, and Randell.

35. Prior Owner executed a Bargain and Sale Deed in favor of Radic, Holle, and Randell, which was recorded on November 23, 2010 at Reception No. 2010000081499 in the land records of Adams County, Colorado ("100-SF Parcel Deed"). A copy of the 100-SF Parcel Deed is attached hereto as Exhibit 2.

36. NGC's Deed was recorded before the 100-SF Parcel Deed, as evidenced by their reception numbers (2010000081498 and 2010000081499, respectively).

37. No recorded documents were found indicating Prior Owner ever recorded a subdivision plat or other document evidencing the Subject Property was lawfully subdivided to carve out the 100-SF Parcel.

Fraudulent Conveyances of the Remainder of the Subject Property

38. A fraudulent Quitclaim Deed purporting to convey the entirety of the Subject Property to Marbella was recorded on December 4, 2018 at Reception No. 2018000096708 ("Marbella Deed 1"). A copy of the Marbella Deed 1 is attached hereto as Exhibit 3.

39. The Marbella Deed 1 states $10.00 was paid in consideration for the conveyance of the Subject Property (despite NGC having paid $6,000,000 for the Subject Property in 2010).

40. The Marbella Deed 1 contained an incorrect legal description of the Subject Property. The Marbella Deed 1 also did not contain the proper notary acknowledgement required under Colorado law.

41. A second fraudulent Quitclaim Deed was recorded on February 22, 2019, at Reception No. 2019000013110 ("Marbella Deed 2"). A copy of the Marbella Deed 2 is attached hereto as Exhibit 4.

42. The Marbella Deed 2 states it was recorded "to correct the legal description and notary acknowledgement in the [Marbella Deed 1]." The Marbella Deed 2 states $10.00 was paid in consideration for the conveyance of the Subject Property.

43. Both the Marbella Deed 1 and Marbella Deed 2 (collectively the "Marbella Deeds") state they were executed by Russell L. Mills ("Mills"), who purported to execute the deeds in the capacity of NGC's "Manager."

44. Mills was not and has never been NGC's manager.

45. Mills lacked any authority to sell or convey the Subject Property or any authority to execute the Marbella Deeds.

46. Publicly-available documents on record with the Florida Division of Corporations, which are easily obtained through a simple internet search, reflect the identity of the true manager of NGC at the time the Marbella Deeds were executed and recorded.

47. NGC did not receive any consideration for conveyance of the Subject Property to Marbella.

48. A few months after Mills executed the fraudulent Marbella Deeds, Marbella conveyed the Subject Property to MarQuest via a Quit Claim Deed recorded on June 19, 2019 at Reception No. 2019000047503 ("MarQuest Deed"). A copy of the MarQuest Deed is attached

hereto as Exhibit 5. The MarQuest Deed states $10.00 was paid in consideration for the transfer of the Subject Property.

49. Upon information and belief, MarQuest is an entity related to Marbella. Documents filed with the Colorado Secretary of State reflect Marbella and MarQuest have the same business address and same forming member and registered agent, Defendant Santaularia. MarQuest was also created mere days before the Marbella to MarQuest transaction.

50. On June 19, 2019, the same day Marbella purported to convey the Subject Property to MarQuest, MarQuest conveyed the Subject Property to WSN for $3,250,000 via a Special Warranty Deed recorded June 19, 2019, at Reception No. 2019000047504 ("WSN Deed") in the real property records of Adams County, Colorado. A copy of the WSN Deed is attached hereto as Exhibit 6.

Discovery of the Fraudulent Conveyances

51. NGC discovered the fraudulent conveyances of the Subject Property in 2019, after the conveyance to WSN.

52. Counsel for NGC notified WSN of the fraudulent conveyances.

53. WSN responded, through counsel, to NGC and asserted it was a bona fide purchaser for value of the Subject Property.

54. Counsel for NGC invited WSN to share evidence of its claim that it is a bona fide purchaser, requesting a copy of WSN's closing file.

55. To date, WSN has not responded to NGC's request.

56. Since the fraudulent conveyance was discovered, Mills, upon information and belief, fled the country to avoid prosecution and pending litigation, and only recently has been served in Florida in related litigation.

**FIRST CAUSE OF ACTION**
(Action to Quiet Title – C.R.C.P. 105)

57. NGC incorporates paragraphs 1-56 herein.

58. NGC is the true owner of the Subject Property because the Marbella Deeds are void.

59. Mills knew he had no authority to execute the Marbella Deeds. He executed the Marbella Deeds with an intent to defraud NGC.

60. Accordingly, the Marbella Deeds are void and good title never passed to Marbella or any of the subsequent grantees taking under the Marbella Deeds, including WSN.

61. In the alternative, the Marbella Deeds are voidable for fraud and Marbella, MarQuest, and WSN are not bona fide purchasers for value.

62. On the face of the Marbella Deeds, Marbella and MarQuest did not pay NGC consideration commensurate with the value of the Subject Property.

63. Even assuming WSN paid the $3,250,000 recited in the WSN Deed, that purchase price is substantially below the Subject Property's market value. NGC estimates based upon comparable land sales in the vicinity that WSN's purported purchase price represented only one-fourth to one-third of the actual fair market value of the Subject Property at the time of the WSN Deed.

64. WSN's principals and/or agents are sophisticated purchasers with considerable real estate expertise and knowledge of market values.

65. Marbella, MarQuest, and WSN were on notice of the fraudulent conveyance of the Subject Property from NGC to Marbella. Any reasonable purchaser of a multi-million-dollar investment property such as the Subject Property would have been or should have been suspicious of the circumstances surrounding the purported conveyance from NGC to Marbella and subsequent conveyances.

66. WSN, in particular, should have been suspicious of the circumstances, including back-to-back conveyances of this valuable commercial property by quitclaim deeds for nominal consideration, mistakes in the Marbella Deed 1 and the substantially-below market purchase price. These facts would have alerted a reasonable purchaser of potential fraud.

67. These facts, together, would have caused a reasonably prudent purchaser to inquire into the circumstances of the prior conveyances from NGC to Marbella and Marbella to MarQuest.

68. A reasonable inquiry would have revealed the fraudulent conveyance from NGC to Marbella. For example, a simple search of publicly-available corporate filings of NGC would have revealed that Mills was not NGC's manager.

69. Despite all the red flags, upon information and belief, WSN failed to act with the due diligence a reasonably prudent purchaser of a multi-million-dollar commercial property would ordinarily undertake.

70. By way of example only, the Subject Property is within a special district called the Northgate Water District. Upon information and belief, WSN has admitted that it did not conduct due diligence regarding the special district before purchasing the Subject Property. A reasonably prudent purchaser would have included the Northgate Water District in its due diligence before purchasing a property like the Subject Property, which indicates WSN did not perform a reasonable inquiry of the facts upon which it had notice.

71. NGC is the true and lawful owner of the Subject Property, as described in the NGC Deed and inclusive of the 100-SF Parcel, subject to the encumbrances of the PSCo Easement and the Wal-Mart Easement.

72. The Prior Owner conveyed the entirety of the Subject Property including the 100-SF Parcel to NGC. The Prior Owner therefore had no remaining interest in the Subject Property to later convey to Radic, Holle, and Randell. Having first conveyed the 100-SF Parcel to NGC in

the NGC Deed, the Prior Owner's subsequent purported conveyance of the 100-SF Parcel to Radic, Holle, and Randell was without legal force or effect.

73. Pursuant to Colo. R. Civ. P. 105(a), NGC is entitled to a complete adjudication of NGC's and Defendants' respective rights and ownership interest to the Subject Property.

74. More specifically, NGC seeks a decree establishing that its rights in and to the Subject Property are superior to those of Defendants Marbella, MarQuest, Santaularia, WSN, Radic, Holle, and Randell and anyone else claiming by, through, or under any of them.

75. NGC also seeks a decree establishing legal description of the Subject Property is as described in the NGC Deed and includes the 100-SF Parcel.

### SECOND CAUSE OF ACTION (in the alternative)
(Unjust Enrichment – Marbella, MarQuest, and Santaularia)

76. NGC incorporates paragraphs 1-75 herein.

77. At NGC's expense, Defendants Marbella, MarQuest, and Santaularia received a benefit from the Subject Property, through Mills' fraud of which they were either a part or had knowledge.

78. On the face of the Marbella Deeds, NGC received nominal consideration from Defendants Marbella, MarQuest, and Santaularia for conveyance of the Subject Property.

79. As reflected from the face of the WSN Deed, Defendants Marbella, MarQuest, and Santaularia received $3,250,000 for the fraudulent conveyances of the Subject Property.

80. It would be unjust under the circumstances for Defendants Marbella, MarQuest, and Santaularia to retain the benefit they received from participating in and aiding Mills' fraudulent conveyance of the Subject Property without commensurate compensation to NGC.

### Relief

NGC seeks a complete adjudication of the rights of all parties to this action with respect to the Subject Property as provided by Colo. R. Civ. P. 105 and respectfully requests the Court enter judgment in its favor as follows:

1. For an order establishing that the 100-SF Parcel Deed is of no legal force or effect;

2. For an order quieting title to the Subject Property in the name of the NGC, and establishing that the rights of NGC are superior to those of Defendants Marbella, MarQuest, Santaularia, WSN, Radic, Holle, and Randell and anyone claiming by, through or under them;

3. For a judgment that NGC is the owner in fee simple of the Subject Property, subject to the record interests of the Other Defendants, and that Defendants Marbella, MarQuest, Santaularia, WSN, Radic, Holle, and Randell have no interest in the Subject Property;

9

4. In the alternative, for damages in an amount to be proven at trial for the unjust enrichment of Defendants Marbella, MarQuest, and Santaularia for perpetuating, participating in and receiving an unjust benefit from the fraudulent conveyance of the Subject Property.

5. For any further relief the Court may deem just and proper.

DATED this 3rd of January 2020.

                                                       FAEGRE BAKER DANIELS, LLP

                                                       /s/ *Brandee L. Caswell*
                                                       Brandee L. Caswell, #30706
                                                       Carla R. Martin, #46433

                                                       ATTORNEYS FOR PLAINTIFF

Plaintiff's Address:

800 S. Dillard Street
Winter Garden, Florida 34787

10