IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.:  1:21-cv-01746-RM-STV

NGC DEVELOPMENT, LLC,
a Florida Limited Liability Company.

Plaintiff,

v.

KIM J. SETER, a Colorado citizen and,
SETER & VANDER WALL, P.C.,
a Colorado Professional Corporation,

Defendants.

## ORDER

**ENTERED BY MAGISTRATE JUDGE SCOTT T. VARHOLAK**

This matter is before the Court regarding the application of Rule 1.6 of the Colorado Rules of Professional Conduct to formal discovery in this case. Defendants objected to certain of the Plaintiff's discovery requests on grounds that documents and information were protected by the attorney-client privilege between Defendants and entities and individuals who are not parties to this action and who have not waived their privilege as well as on grounds that such documents and information were confidential under C.R.P.C. 1.6.  The point of contact for the Defendants' clients was Russell Mills. After a May 11, 2022 hearing, the Court ordered Defendants' counsel to forward the discovery requests to Mr. Mills and provide him with a copy of the Court's Order. [Doc. 41]. Defendants' counsel complied with the Court's Order and communicated with Mr. Mills.

1

In response, Mr. Mills, through counsel, advised that he did not waive any attorney-client privilege. Plaintiff and Defendants agree that Mills has not waived any attorney-client privilege by virtue of his decision not to appear in this lawsuit and take a position on Plaintiff's discovery.

The Court recognizes that some of Plaintiff's discovery requests are likely to implicate the Defendants' duty of confidentiality pursuant to Colo. R.P.C. 1.6, which generally applies to all matters communicated in confidence by the client as well as all information relating to the representation. The Court finds that Defendants have complied with their Rule 1.6 duty of confidentiality with regard to the disclosure of the requested information. The Court also finds, however, that Rule 1.6 yields to discovery and other legal process that takes place inside the context of a judicial proceeding. *See In re Estate of Rabi*n, 474 P.3d 1211, 1219 (Colo. 2020). As such, although objections to formal discovery requests or questions posed during depositions certainly may be based on an applicable evidentiary privilege or doctrine, Rule 1.6 is not grounds for such an objection.

Dated this __9__ day of August, 2022.

                                                      s/Scott T. Varholak
                                           Magistrate Judge Scott T. Varholak