1

```
 1                     UNITED STATES DISTRICT COURT
                          DISTRICT OF COLORADO
 2

 3   NGC DEVELOPMENT, LLC,        .  Case No.  21-cv-01746-RM-STV
                                  .
 4              Plaintiff,        .
                                  .
 5   vs.                          .
                                  .  Alfred A. Arraj Courthouse
 6   KIM SETER, a Colorado citizen,.  901 19th Street
     SETER & VANDER WALL, P.C.,   .  Denver, CO  80294
 7                                .
                                  .
 8              Defendants.       .
                                  .  June 21, 2022
 9   . . . . . . . . . . . . . . . .  2:36 p.m.
```

10        **TRANSCRIPT OF PROCEEDINGS HELD BEFORE THE HONORABLE**
          **SCOTT V. VARHOLAK, UNITED STATES MAGISTRATE JUDGE**

11

     APPEARANCES:

12

     For the Plaintiff:           Keating Wagner Polidori &
13                                   Free, P.C.
                                  By:  Ross Whiting Pulkrabek
14                                By:  Aaron David Goldhamer
                                  1290 Broadway
15                                Suite 600
                                  Denver, CO  80203
16                                (303) 534-0401

17   For the Defendants:          Gordon Rees Scully
                                    Mansukhani, LLP
18                                By:  John M. Palmeri
                                  555 17th Street
19                                Suite 3400
                                  Denver, CO  80202
20                                (303) 534-5145

21   Court Recorder:              Clerk's Office
                                  U.S. District Court
22                                1929 Stout Street
                                  Denver, CO  80294

23

24

25

1   Appearances Continued:

2
    Transcription Service:          AB Litigation Services
3                                   216 16th Street, Suite 600
                                    Denver, CO   80202
4                                   (303) 296-0017

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.

```
 1                     (Time noted:  2:36 p.m.)

 2              THE COURT CLERK:  All rise.  Court is in session.

 3              THE COURT:  Please be seated.

 4              All right.  This is 21-cv-1746.  Can I have

 5  appearance please?

 6              MR. PULKRABEK:  Yes.  Ross Pulkrabek and Aaron

 7  Goldhamer on behalf of the plaintiff, NGC Development.

 8              THE COURT:  And good afternoon.

 9              MR. GOLDHAMER:  Good afternoon.

10              MR. PALMERI:  Good afternoon, Your Honor.  John

11  Palmeri appearing for defendants Kim Seter and Seter & Vander

12  Wall, P.C.

13              THE COURT:  And good afternoon.

14              So the issue before me is a continued discovery

15  dispute from May 11th.  At that hearing I'd given my

16  preliminary thoughts, but had also indicated that pursuant to

17  the case that I set forth in *Wachous Enterprises LLC v.*

18  *Pacific National Capital*, 2017 WL 4310231 at Star 4, note 29,

19  a District of Kansas decision from 2017, that I thought it

20  was appropriate to give the client, in this case Mr. Mills,

21  an opportunity to object to the subpoena and establish the

22  applicability of the privilege.  And as a result, I gave 21

23  days for him to file any such objection; none has been filed.

24              And so as a result, I ultimately conclude, as

25  indicated in my preliminary thoughts at the last hearing,
```

 1  that it is appropriate to grant the request of the plaintiff

 2  and order the defendant to produce the information pursuant

 3  to request for productions 1, 2, 3, and 5 and answer to

 4  Interrogatory 1.  At a minimum, to produce a privilege log.

 5          And as I indicated, for example many of these are

 6  talking about fee agreements, and as I indicated at the last

 7  hearing, the law on those is that essentially the existence

 8  of the attorney-client relationship is not privileged, but

 9  that to the extent advice is being conveyed in any of these,

10  than that is.

11          And I don't have the fee agreements.  I haven't

12  gone through them in an in camera review.  I trust counsel

13  now being ordered to do so, and as I indicated at the last

14  hearing, I certainly understand why counsel took the position

15  they took, these are tricky areas with attorney-client

16  privilege and avoiding, you know, discipline from the bar.

17  But now that I've ordered the production of them, I will

18  require them to produce either the documents, or if they

19  believe that there is privilege contained within them, to

20  produce a privilege log for it.

21          MR. PALMERI:  May I be heard, Your Honor?

22          THE COURT:  Sure.

23          MR. PALMERI:  Respectfully, Your Honor, I think --

24  I think we've gotten way ahead of ourselves on this and I'd

25  like to just take a step back so that we could address where

 1  we are and maybe just take a little bit of a breath here so

 2  that we could outline where we're going to go.

 3              In terms of the process, and in terms of the

 4  *Wachous* case, in fairness that Mr. Mills' position on this,

 5  and through his counsel, unlike *Wachous, Wachous* the client

 6  in that case, Pacific National, was a party and was before

 7  the court.  That there's an issue here to be addressed that

 8  in fact Mills is not before the Court and there's a dispute

 9  whether somehow that they are required that they would have

10  to litigate this in Colorado as opposed to Florida.  So I

11  think we've gotten ahead of ourselves on that.

12              Nevertheless, and clearly whether this court has

13  jurisdiction to say that someone who's not a party, not a

14  party before the Court, hasn't been served with process

15  before the Court, hasn't been served with a subpoena, is not

16  present here, whether that can be legitimately addressed.

17              In an attempt to deal with that, Your Honor, what,

18  as set forth in our position, and as I explained to Mr.

19  Pulkrabek and Mr. Goldhamer, we're in the process of going

20  through the files.  In terms of the scope, et cetera, I

21  think, and I'd ask for the Court's indulgence on this, that

22  we need to get through all of this.  That once we get through

23  the documents, and if we prepare a privilege log, I'd be

24  happy to be in front of the Court so that we could addressed

25  this.

 1              But I just feel, I'm a little concerned what the

 2   Court has been provided are two very brief position

 3   statements that the parties have provided; that's it.  And I

 4   think that if we --

 5              THE COURT:  I gave Mr. Mills the opportunity to

 6   respond, and he didn't.  Nor did he raise a jurisdictional

 7   question or anything else.

 8              MR. PALMERI:  He did through his client -- through

 9   his -- through his counsel, Your Honor.

10              THE COURT:  Where?  Where?

11              MR. PALMERI:  In the email exchanges that we had.

12              And I think Mr. Pulkrabek and I had discussed it

13   as well, that in fact Mr. Pulkrabek's position was that

14   somehow he is required to enter an appearance here.  And his

15   counsel's position is that he's not required to enter an

16   appearance here, and I indicated that in my email to Mr.

17   Pulkrabek.

18              I don't know that I'm in a position to argue that,

19   Your Honor, but I think it's a legitimate position that we

20   send an email to a lawyer in Florida, and then, the next

21   thing you know, a Colorado court is telling that Florida

22   person, who is not a party, that, you know, he's waived an

23   attorney-client privilege.

24              I think we could get there, Your Honor, don't get

25   me wrong.  What I'm trying to do is to go through those

1   documents.   Our plan would be that we'd prepare a privilege

2   log.   I'm happy to send that down through Mr. Mills and his

3   counsel and then we could address it.

4              But just in fairness to Mr. Mills and his -- and

5   his client, I have to be honest, Your Honor, I have concerns

6   that this court has jurisdiction to hold that a non-client --

7   *Wachous*, the Kansas case, the client was the party.   The

8   party in that case was Pacific National, the subpoena in that

9   case was served on the lawyer, Highland (phonetic).   Highland

10  was not a party, but he's a Kansas lawyer, he filed a motion

11  to quash.   So all of those parties and all of those issues

12  were in front of the Kansas Court.

13             The distinction here is -- and Mr. Pulkrabek and I

14  have had these conversations.   The position that I had

15  expressed to him was, if you want to get jurisdiction over

16  Mills you need to serve a subpoena on Mills down in Florida.

17  And then if there's a concern with the subpoena response by

18  Mills in Florida, under the federal rules you have to address

19  that in Florida.

20             I think we could get there, but I think that an

21  idea that somehow we have -- we send an email to someone and

22  then if they don't appear in Colorado that they waive their

23  attorney-client privilege, I think, is dangerous ground.

24             THE COURT:   Do you want to address that?

25             MR. PALMERI:   So here's what I'd ask the Court to

8

1   do.   I'd ask the Court's indulgence that we continue this

2   matter.   I was talking to Mr. Pulkrabek, we've got 4th of

3   July coming in, et cetera, I think we could get all of this

4   turned around probably in three or four weeks.   And I think

5   if we set another matter, I think we could get there.   I'm

6   happy to go through the documents.   I'm happy to prepare a

7   privilege log.   I think in fairness I have to run that by Mr.

8   Mills and his counsel.   And then, you know, hopefully, we'd

9   get to the point where we could address it.

10          But I think the idea that there's a waiver here, I

11  think may not be appropriate, but we may not have to address

12  it.   That's what I request.

13          MR. PULKRABEK:   Thank you, Your Honor.

14          Well, first of all, I think -- I think what you've

15  laid out is what I would agree is appropriate and it makes

16  sense.   And I don't -- I don't hear anything that you're

17  saying that's inconsistent with Mr. Palmeri providing a

18  privilege log that will identify privileged communications as

19  to requests for production Number 5.   And so that's -- we've

20  always thought that was appropriate, and I still think that

21  that's appropriate.

22          So if Mr. Palmeri wishes to prepare the privilege

23  log, confer with the Mills' attorney about that, and then

24  provide us with a privilege log, then I think we'll have

25  that.   If we have any further concerns about what's on the

 1 privilege log, well then we can go from there.

 2           THE COURT:  Okay.

 3           MR. PULKRABEK:  As to the -- and I think that that

 4 probably pertains to request for production Number 5.

 5           THE COURT:  Okay.

 6           MR. PULKRABEK:  With respect to the request for

 7 the fee agreements, which were I think Number 1 and 2, and

 8 then the termination letters which were Number 3, honestly I

 9 think the easiest way to handle it would be if Mr. Palmeri

10 believes there's anything that's privileged in there, just

11 redact it.  Obviously we'll see that something's been

12 redacted and then, you know, if Mr. Palmeri and I confer

13 about it further maybe we come back to you.  But I doubt it

14 at that point.

15           THE COURT:  That's fine.

16           What I'm going to order is I'll order the

17 privilege log to be produced.  Again, my guess is your

18 client, your former client, is not going to want to waste

19 their money -- if the fee agreement doesn't contain any

20 privilege in it, it just says, you know -- again, my wife's

21 at Sherman & Howard, their fee agreement's, I think, say

22 something along the lines of, you know, we will bill you at

23 650 an hour and, you know, this is -- and it's just a generic

24 thing that's given to everybody.  My guess is your client's

25 not going to want to pay the money to fight that and just

 1   turn it over.  But at this point, I'll allow you to just to

 2   go that first step.  Give them a privileged log from there,

 3   and then you all meet and confer, and if you can't reach a

 4   resolution as to the second step, contact my chambers and

 5   I'll get you back in for a continued discovery dispute

 6   hearing.

 7          MR. PULKRABEK:  Okay.

 8          And then, Your Honor, one last thing.  So then we

 9   had this interrogatory asking for identification of,

10   essentially phone calls that had occurred, between Seter and

11   Mills and the period after this property was lost so that we

12   can establish were they -- were they still talking and how

13   much.  Can we get any kind of a time frame as to when the

14   defendants will provide us with a response to that

15   interrogatory?

16          MR. PALMERI:  Your Honor, I don't know that it

17   would take that long.  But I'd like to do this as part of one

18   unified approach.  We have other discovery issues on both

19   sides on this.  And in fact, we met for a half hour or so

20   before, so I don't know that it would take that four weeks.

21   And I'm fine setting a date certain, but I just -- I just

22   want to do it all as one --

23          THE COURT:  Let's have responses to that and to

24   the privilege log for, because we do get into 4th of July,

25   let's set it for July 19th.  That's four weeks from today.

1            MR. PULKRABEK:   Thank you, Your Honor.

2            MR. PALMERI:   That's reasonable, Your Honor, I

3    appreciate it.

4            THE COURT:   Okay.

5            MR. PALMERI:   Just very briefly, Your Honor, on

6    the jurisdictional issue.   As an attachment to Plaintiff's

7    supplemental statement, the email exchange, the reference

8    there was an email dated May 30th of 2022, just for the

9    record.

10            THE COURT:   Okay.

11            MR. PALMERI:   But again, hopefully we could work

12    through it.

13            THE COURT:   Yeah.   Yeah.   Okay.   All right.

14    Thanks, everyone.

15            MR. PALMERI:   Wait, may --

16            THE COURT:   Go ahead.

17            MR. PALMERI:   Just briefly.   I think we may have

18    some other issues that we might have to -- have to raise as

19    well.   Are you just setting -- you're just setting a deadline

20    to submit the privilege log on July 19th?

21            THE COURT:   Right.   The privilege log and the

22    responses to Interrogatory Number 1, unless you're claiming

23    those are privileged, in which case it should be on the

24    privilege log.

25            MR. PALMERI:   The only thing, I'm just thinking

```
 1   out loud, Your Honor, and I apologize, I don't want to waste

 2   everyone's time.  I wonder whether it isn't worthwhile that

 3   maybe we get something on the Court's calendar.

 4             THE COURT:  I can fit -- I can fit you in.

 5             MR. PALMERI:  Quickly?

 6             THE COURT:  Yeah.

 7             MR. PALMERI:  Okay.

 8             THE COURT:  Yeah.  I can generally get people

 9   within a week or two.  My July/first week of August is

10   terrible, but then after that things open up some, so.

11             MR. PALMERI:  One final comment.  We had raised

12   this earlier, and again I think we could -- we could work

13   through this.  I think we're going to have to submit an

14   amended scheduling order --

15             THE COURT:  That's fine.

16             MR. PALMERI:  -- once we work through this.

17             THE COURT:  Yeah.  That's fine.  Confer over that

18   and if you reach --

19             MR. PALMERI:  We will.

20             THE COURT:  -- can reach dates, that's fine.

21             MR. PULKRABEK:  Your Honor, there was actually one

22   additional thing, I'm sorry, to --

23             THE COURT:  No, that's okay.

24             MR. PULKRABEK:  -- to raise it.  But at our last

25   hearing you had suggested that we asked for a order on 1.6
```

```
 1  confidentiality, because we're going to have these

 2  depositions --

 3            THE COURT:  Yeah.

 4            MR. PULKRABEK:  -- and we anticipate that that

 5  would be an issue there.  And you had invited us to either,

 6  or both of us, to ask for such an order, and I did include

 7  that in our supplemental submission.

 8            THE COURT:  Okay.

 9            MR. PULKRABEK:  Is it possible we could get an

10  order, and I don't know exactly what this looks like, but I

11  suggested something at the end of our supplemental position

12  statement that kind of said that 1.6 confidentiality is

13  waived with respect to this litigation only and would not be

14  an objection to be raised by the defense.

15            MR. PALMERI:  Maybe we could circulate an order

16  between --

17            THE COURT:  Yeah.  Why don't you do that.

18            MR. PALMERI:  -- between us?

19            THE COURT:  Yeah.  Why don't you do that.  And if

20  you can reach it an agreement just submit it as an unopposed

21  1.6 order and attach it to it, and I'm sure it'll get

22  referred to me and I'm fine with signing it.

23            MR. PULKRABEK:  All right.  Thank you, Your Honor.

24            THE COURT:  All right.  Thank you, Your Honor.

25            MR. PALMERI:  Thank you, Your Honor.
```

14

1              THE COURT CLERK:   All rise.

2                      (Time noted:   2:49 p.m.)

3                          *  *  *  *  *

4                          CERTIFICATE

5        I, RANDEL RAISON, certify that the foregoing is a

6   correct transcript from the official electronic sound

7   recording of the proceedings in the above-entitled matter, to

8   the best of my ability.

9

10

11   _____           October 10, 2022

12   Randel Raison

13

14

15

16

17

18

19

20

21

22

23

24

25